IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DALLAS and CARMEN KIME,

    Plaintiffs,

vs.

TITEFLEX CORPORATION,

    Defendant.

Case No. 4:19-cv-03031

**PROTECTIVE ORDER**

A protective order is hereby entered as follows:

1. As set forth in this paragraph, documents, information or testimony containing or relating to confidential, proprietary, research, development, financial, business information and/or trade secrets may be designated by a Party disclosing (the "Disclosing Party") or who has produced the document, information, or testimony as "Confidential Information" or "Highly Confidential Information" (Referred to in Exhibit A as "Protected Documents"). Such designation may be made, for example, by marking or labeling documents produced in this litigation with the terms "Confidential" or "Highly Confidential" or by any other reasonable means of providing notice. As used herein, the terms or designations of "Confidential" or "Highly Confidential" shall be synonymous. The Disclosing Party must take care to limit any designation to specific material that qualifies under the appropriate standards of confidentiality and, in any case, such designations must be made with a good-faith understanding of the claim of confidentiality.

2. At any time after the disclosure, production, or delivery of materials designated "Confidential" or "Highly Confidential," the Party receiving the designated material ("Receiving Party") may challenge the designation of all or any portion thereof by providing written notice thereof to the Disclosing Party, identifying with particularity the specific materials that the Receiving Party wishes to challenge. If the Parties are unable to agree as to whether the "Confidential" or "Highly Confidential" designation is appropriate, the Receiving Party shall within a reasonable time file a motion to compel the production of the materials at issue with a different designation. Once this issue is raised with the Court by way of motion to compel, the

1

Disclosing Party shall have the burden of establishing that the materials at issue are entitled to confidential treatment under this Order. All documents or materials that have at any time been labeled, marked or otherwise designated as "Confidential" or "Highly Confidential" shall at all times be treated confidentially under this Order unless and until the Parties formally agree in writing to the contrary, or the Court rules that the materials are not entitled to the designation given by the Producing Party.

3. Materials designated as "Confidential" or "Highly Confidential" and any information contained therein, including translations, summaries and distillations thereof, shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except that such materials designated as "Confidential" or "Highly Confidential" may be disclosed to the following persons:

  a. Counsel of record in this action;

  b. Employees of counsel of record in this action (excluding experts and investigators) who are assigned to and necessary to assist such counsel in the preparation and trial of this action;

  c. The Parties, their officers and employees assigned and necessary to assist such counsel in the preparation and trial of this matter, and claim representatives/adjusters of the Parties' insurance carriers who are assigned to supervise the claim in this action;

  d. Subject to Paragraph 19 below, non-party witnesses or deponents and their counsel solely for purposes of their role as a witness or deponent in this litigation;

  e. The Court, court personnel, and court reporters;

  f. Subject to Paragraph 19 below, to consultants and experts retained by the Parties and their attorneys for purposes of this litigation;

  g. The jury; and

  h. Third-party copy services for the sole purpose of creating a copy as defined in Paragraph 7 below.

4. Any documents or information produced during the course of discovery shall be used solely for the prosecution and defense of claims in the above-captioned lawsuit, and shall not be used by any Receiving Party for any other purpose.

5. Nothing in this Order shall prevent a Disclosing Party from disclosing any materials, including but not limited to, materials designated as "Confidential" or "Highly Confidential," to whomever it chooses, and any such disclosure shall not be deemed a waiver of that party's rights, or any other party's obligations, under this Order. This Order has no effect upon, and its scope shall not extend to, a Disclosing Party's use of its own "Confidential" or "Highly Confidential" materials in any manner inconsistent with the terms and requirements provided herein.

6. In the event that a person or entity not a party to this lawsuit (a "Disclosing Non-Party") is requested to produce documents or information, or to provide testimony, in connection with this lawsuit, the Parties and all other persons subject to this Order agree that the Disclosing Non-Party may have the same rights as Parties with respect to the designation of materials as "Confidential" or "Highly Confidential."

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript or translation, in whole or in part, of such document or thing.

8. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all materials designated as "Confidential" or "Highly Confidential" shall be treated as such pursuant to the terms of this Order and shall not be disclosed except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record for the Disclosing Party.

9. No "Confidential" or "Highly Confidential" documents or information may be filed with the Court until the Court has at least entered a temporary sealing order. The Parties will stipulate to extend any filing deadlines to the extent they arrive before the Court has issued a ruling on the designating party's request for a temporary sealing order. If portions of documents or other

materials deemed "Confidential" or "Highly Confidential" or any papers containing or making reference to such materials are filed or lodged with the Court, they shall be filed or lodged in a sealed envelope or container on which shall appear: (a) the caption of this litigation, (b) a general description of the contents of such envelope or container, and (c) a statement substantially in the following form:

**CONFIDENTIAL or ATTORNEYS' EYES ONLY**

**IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 3 OF THE PROTECTIVE ORDER.**

The party filing such documents or materials ("the filing party") shall serve notice upon the "non-filing" party or Parties that the above procedure is being invoked and provide a description of these documents or materials (by Bates number); except in cases of emergency relief, the filing party shall give such notice and description at least 48 hours in advance of the filing. Issues regarding maintaining documents under seal shall be resolved under the following procedures.

  a.  The Parties agree to first assess, in good faith, whether redaction is a viable alternative to complete non-disclosure.

  b.  A party seeking to preserve the secrecy of any such documents or materials (i.e., the designating party, regardless of whether it was the party that filed the documents or materials with the Court) is responsible for promptly filing any motions or requests pursuant to the Minnesota Court Rules, and any other applicable law, in order to maintain the Protective Order as to such documents or materials.

  c.  The Parties, therefore, agree they will not oppose any motion or any request for a temporary sealing order seeking to maintain the Protective Order as to "Confidential" or "Highly Confidential" documents or materials. The Parties further agree that a temporary sealing order is appropriate pending ruling on any motion, given that such an order would be justified by

compelling need and the irreparable injury that would result from disclosure of documents designated as "Confidential" or "Highly Confidential."

Any party may ask the court to hold any proceeding in this cause in camera on the grounds that such proceeding will involve or relate to information marked "Confidential" or "Highly Confidential."

10. With respect to testimony elicited during a deposition, court hearing or trial, or any other proceeding, a Disclosing Party may designate on the record or in a subsequent written communication to the reporter and all Parties testimony that is "Confidential" or "Highly Confidential," which shall then be treated as such under the terms of this Order. For the purpose of this paragraph, the testimony shall be limited to testimony from the Disclosing Party (including its employees and agents), or any portion of such testimony specifically referencing "Confidential" and/or "Highly Confidential" documents covered by this Order. The designation must be specific to particular testimony, as broad designations shall not be permitted by this Order.

11. Inadvertent or unintentional disclosure of materials, information or testimony that has been designated or at any time is designated as "Confidential" or "Highly Confidential" shall not be deemed a waiver in whole or in part of a claim to the protections of this Order.

12. Entering into, agreeing to and/or complying with the terms of this Order shall not prejudice in any way the right of any party or non-party by way of consent of all Parties or by application to the Court, to seek and/or obtain (a) additional protection for specific items or categories of materials or testimony, or (b) relief from the provisions of this Order with respect to specific materials or testimony.

13. Any party may, in good faith, designate or re-designate as "Confidential" or "Highly Confidential" materials that already have been produced to another party, in which case the Receiving Party shall thereafter treat the document or information as a protected document. In the event that two copies of a document or information are produced under different designations, the more restrictive designation shall apply provided that the re-designation is set forth in writing. Should the Receiving Party notice any such discrepancy, it shall promptly bring it to the Disclosing

Party's attention.

14. No Receiving Party shall under any circumstances offer for sale, post on the internet, advertise, or publicize materials designated as "Confidential" or "Highly Confidential," or any information contained therein.

15. After dismissal or termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record as provided for under the terms of this Order. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the materials designated as "Confidential" or "Highly Confidential" for enforcement of the provisions of this Order following termination of this litigation.

16. Upon termination of this action by dismissal, judgment, or settlement, the Receiving Party shall promptly dispose all documents, materials or testimony, and all copies thereof. The Receiving Party shall be entitled to keep their attorney work product, but such work product shall at all times be treated as required under the terms of this Order.

17. If a Receiving Party receives a subpoena from a non-party to this Order seeking production or other disclosure of materials designated as "Confidential" or "Highly Confidential," the Receiving Party shall give written notice to the Disclosing Party identifying the protected materials sought and enclosing a copy of the subpoena within two (2) business days after receipt of the subpoena or immediate telephonic notice if the subpoena requires production of the documents within less than three (3) business days. Once the Receiving Party has given notice to the Disclosing Party as set forth above, the Disclosing Party shall make timely objections to the production of materials designated as "Confidential" or "Highly Confidential," including by referencing the existence of this Order. Unless and until such objections are overruled by the court, or the court otherwise orders production of materials designated as "Confidential" or "Highly Confidential," the Receiving Party shall not produce or divulge the contents of any such documents. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of materials covered

by this Order, to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek relief from this Court.

18. This Order shall be binding upon the Parties and their attorneys, experts, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19. If a Receiving Party desires to give, show, make available or communicate documents or information designated as "Confidential" or "Highly Confidential" to any person listed in Paragraph 3 (c), (d) or (f) above, the Receiving Party shall first provide such person with a copy of this Order, and shall cause him or her to execute an acknowledgment in the form attached hereto as Exhibit A. The acknowledgment is to be retained by counsel for the party disclosing the information to such persons. For purposes of this Order, "expert or consultant" means an expert or independent consultant or contractor who is not an employee of the Parties or of a competitor of the Parties, and is retained solely for the purpose of advising and assisting counsel in the preparation for trial of this action or retained to give expert testimony or retained for both purposes, and his or her secretarial assistants, to whom it is necessary to disclose "Confidential" or "Highly Confidential" materials for purposes of this action. The individuals covered by Paragraph 3 (c), (d), and (f) above, shall have access only to that portion of material related to their expected testimony and/or supervision and adjustment of insurance-related claim issues in this action, and provided further that any such person may not retain any "Confidential" or "Highly Confidential" material after the conclusion of this litigation.

**IT IS SO ORDERED.**

DATED this 16th day of October, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

# EXHIBIT "A"

## AGREEMENT CONCERNING MATERIAL
## COVERED BY A PROTECTIVE ORDER

*Dallas and Carmen Kime, Plaintiffs,*
*v. Titeflex Corporation, Defendant.*
*Case No. 4:19-cv-03031-RGK-SMB*
*(in the United States District Court for the District of Nebraska)*

I, the undersigned, have or may have access to "Protected Documents" that are subject to the attached Order governing confidential information (the "Order") entered in the litigation styled *Dallas and Carmen Kime, Plaintiffs, v. Titeflex Corporation*, *Defendant*, Case No. 4:19-cv-03031-RGK-SMB, in the United States District Court for the District of Nebraska.

I acknowledge and agree to comply with the terms of said Order.

I agree to utilize and refer to the Protected Documents solely in connection with the above-captioned proceeding and for no other purpose.

Further, I understand that disclosure of the Protected Documents in violation of the Order is prohibited and may be a contempt of Court.

If I am expert or consultant, I certify that I am not a current competitor, or employee of a competitor, of any of the Parties of their agents.

I consent to the jurisdiction of this Court for purposes of enforcement of the terms of the Order and hereby agree to comply with all of the terms thereof.

Dated this _____ day of _____, 201__.

_____
SIGNATURE
Name –
Address –
Phone Number –